UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10334-RGS

ALBERT C. BURGESS, JR.,
PLAINTIFF,

v.

EBAY, INC., ET AL.,
DEFENDANTS.

MEMORANDUM AND ORDER
March 8, 2011

STEARNS, D.J.

BACKGROUND

On February 28, 2011, plaintiff Albert C. Burgess, Jr., a/k/a Charles Burgess ("Burgess"), a prisoner in custody at FCI Marianna in Marianna, Florida, filed a civil action against a number of corporations and individuals.[1] The defendants include: (1) Ebay, Inc.; (2) Paypal, Inc.; (3) Mediacom, Inc.; (4) Morris Broadband, Inc.; (5) Wells Fargo Bank, Inc.; (6) Bank of New York; (7) GOOGLE, Inc.; (8) Beth Dierauf; (9) Pat Redden; (10) Forest Howard; (11) Patrick Wilhelm; (12) Greg McCloud; and (13) other unknown Defendants.[2]

Burgess contends that venue is proper in the District of Massachusetts because all alleged actions occurred in Massachusetts. He asserts jurisdiction both under 28 U.S.C. §§ 1331 (diversity jurisdiction) and 1332 (federal question jurisdiction). In general, he asserts *inter alia*, civil rights claims and claims of fraud, restraint of trade, RICO violations,

---

[1]This action was originally assigned to Judge O'Toole. On March 1, 2011, Judge O'Toole entered an Electronic Order of Recusal, and this action was randomly reassigned.

[2]The individual defendants are residents of North Carolina; however, Burgess contends there are sufficient ties to the District of Massachusetts for the court to have personal jurisdiction over them.

violations of the Sherman Antitrust Act, and retaliation; however, he fails to provide any underlying factual context for the claims.

Burgess alleges that several of the defendants caused "pop ups" to appear on his computer, against his explicit wishes, causing him lost time and damage to his computer. He alleges these "pop ups" constituted a breaking and entering and fraud in violation of Massachusetts and federal laws, causing free trade to be suspended, and creating an unfair trade advantage. Burgess then presents claims that appear to stem from an unidentified criminal conviction. Specifically, he alleges that several of the defendants violated his due process rights when they accessed his financial records and failed to released them and/or refused to release them, in violation of various federal laws, including banking and privacy laws. He alleges that "Ebay, Paypal, Morris Broadband and Mediacom are in possession of evidence which will prove the illegality of the criminal proceeding brought by these Defendants and have refused to produce such evidence when lawfully required to do so and are successful in thumbing their noses at the Federal judiciary because they have the money to do so." Compl. at ¶ 17.

Additionally, Burgess asserts that individual defendants Redden, McCloud, and Dierauf have put him on a national sex offender registry by means of false charges. He claims the charges do not exist nor are there any convictions based on those charges. He further asserts that Ebay and Paypal are "actually law enforcement agencies working hand in hand with federal officials...." Id. at ¶ 19.

Burgess seeks damages for various statutory violations of not less than $1,000,000.00. He also seeks damages "for failing to obey lawful subpoenas of a United States District Court and for withholding evidence which would demonstrate the legal innocence of the Plaintiff." Id. at ¶ 25.

Burgess paid the $350.00 filing fee for this action.

DISCUSSION

### I. Relevant Litigation History

A review of the public records reveals that Burgess was convicted in the United States District Court for the Western District of North Carolina (Asheville) of possessing materials involving the sexual exploitation of minors (Count I), and knowingly receiving by computer visual depictions the production of which involved the use of a minor engaging in sexually explicit conduct (Count II). He was sentenced on August 10, 2010, and a Judgment of Conviction entered on August 27, 2010; he was sentenced to a term of imprisonment of 240 months on Count I and 292 months on Count II (concurrent). See United States v. Burgess, Criminal No. 1:09-cr-00017-GCM-DLH-1 (United States District Court, Western District of North Carolina (Asheville)). On August 10, 2010, Burgess filed a Notice of Appeal, and that appeal is pending. United States v. Burgess, No. 09-4584 (4th Cir. 2009).[3]

### II. Authority to Preliminarily Screen the Complaint

Although Burgess is prisoner subject to the provisions of the Prisoner Litigation Reform Act, this court lacks authority to preliminarily screen his Complaint pursuant to 28 U.S.C. § 1915 or § 1915A because he has paid the $350.00 filing fee and is not proceeding *in forma pauperis*, nor does it appear that he is suing governmental officers or entities.[4]

---

[3]The public records also reveal that Burgess has filed a number of civil actions, appeals, and challenges to criminal prosecutions and convictions spanning over two decades.

[4]The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings *in forma pauperis)*; 28 U.S.C. § 1915A (screening of prisoner suits against governmental officers and entities). Section 1915 authorizes federal courts to dismiss actions in which

Nevertheless, there is authority to screen this action pursuant to the inherent authority of the court to manage its cases to review a case to determine, among other things, whether or not it is frivolous as that term is used in legal parlance.[5]

    III.    <u>Failure to State Plausible Claims Upon Which Relief May Be Granted</u>

Upon review of Burgess's allegations, this court cannot discern any plausible claims upon which relief may be granted because the Complaint materially fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 governs the substance of the pleadings. Rule 8(a) requires a plaintiff to include in a complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the

---

a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B) (ii) and (iii). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327-328; <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).

[5]<u>See</u> <u>Bustos v. Chamberlain</u>, 2009 WL 2782238, *2 (D.S.C. 2009) (noting that the court has inherent authority "to ensure a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous") <u>citing</u>, *inter alia*, <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 307-308 (1989); <u>Pillay v. INS</u>, 45 F.3d 14, 16-17 (2d Cir. 1995) (where a § 1915 screening was not applicable because a *pro se* party paid the filing fee, the court still had inherent authority "wholly aside from any statutory warrant" to act *sua sponte*); <u>and</u> <u>Rolle v. Berkowitz</u>, 2004 WL 287678, *1 (S.D.N.Y. 2004) (*sua sponte* dismissal in fee-paying pro se case is warranted where the claims presented no arguably meritorious issue to consider). <u>See</u> <u>also</u> <u>Gaffney v. State Farm Fire and Cas. Co.</u>, 294 Fed. Appx. 975, 977 (5th Cir. 2008) (unpublished decision stating: "This court has on numerous occasions recognized the inherent authority of a district court to dismiss a complaint on its own motion for failure to state a claim."); <u>Torres-Alamo v. Puerto Rico</u>, 502 F.3d 20 (1st Cir. 2007) (discussing court's inherent authority to dismiss for reasons prescribed in Federal Rule of Civil Procedure 41(b)); <u>Otoki Group, Inc. v. Gibraltar, P.R. Inc.</u>, 16 Fed. Appx. 3 (1st Cir. 2001).

defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "[']meaningful opportunity to mount a defense.'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004)(quoting Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  See Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005).  "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why."  Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004).  Although "the requirements of Rule 8(a)(2) are minimal...[,] 'minimal requirements are not tantamount to nonexistent requirements.'"  Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Here, Burgess asserts that the defendants (individually, jointly and/or collectively) violated state and federal laws; however, he fails to set forth the relevant information (*i.e.*, the "who, what, when, where, and why") necessary to set forth cognizable claims as to each defendant separately.  He provides no dates of the alleged wrongful actions, nor any circumstances that would afford each defendant (separately) sufficient notice of his claim for liability against each.  Indeed, there are so many allegations contained in the body of the Complaint against a number of defendants, it is virtually impossible to cull out or identify each cause of action asserted against each, or the basis for any assertion.  Notwithstanding that Burgess is proceeding *pro se*, the burden is on him to set forth plausible claims upon which relief may be granted and to provide sufficient notice to the defendants of the claims.

In short, by pleading in the manner he has –  collectively asserting his claims against

the defendants and providing no factual underpinnings for the claims -- Burgess has failed to meet the pleading requirements for proceeding in this court. See Bagheri v. Galligan, 160 Fed. Appx. 4, 5, 2005 WL 3536555, *1 (1st Cir. 2005) (unpublished decision, finding complaint deficient because, *inter alia*, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts; "[the district court's requirement of an amended complaint] to remedy this deficiency did not demand more than the minimum necessary to satisfy notice pleading standards."). See also Atuahene v. City of Hartford, 10 Fed. Appx. 33, *34 (2d Cir. 2001) (unpublished decision, stating "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard....").[6]

In light of this, Burgess's Complaint is subject to dismissal.

IV. Favorable Termination Rule as a Bar to Claims

In addition to the pleading deficiencies noted above, it appears that underlying this

---

[6]Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments." Terrance v. Cuyahoga County, 2005 WL 2491531 at *1 (N.D. Ohio 2005) citing Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979) (court is not required to "conjure up unpled allegations," notwithstanding duty to be less stringent with *pro se* complaints). Such an exercise by the court would "'require ... [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Terrance, 2005 WL 2491531, at *1, quoting Beaudett, 775 F.2d at 1278. See also Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) ("It is certainly reasonable to ask that all plaintiffs, even *pro se* plaintiffs,.... alert party defendants that they may be individually responsible in damages. The trial and appellate courts should not have to guess at the nature of the claim asserted."). "[T]he failure to identify a particular legal theory ... places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against it and the defenses it might assert in response to each of these possible causes of action." Terrance, 2005 WL 2491531, at *1.

action (in whole or at least in part) are Burgess's claims that the defendants' actions or inactions have resulted in his unlawful conviction, and that the defendants' withheld evidence that would demonstrate his innocence.

To the extent that Burgess's claims against the defendants relate to the validity of his criminal conviction, these claims are not ripe for judicial review. It is well settled that a civil rights claim that relates to a criminal prosecution and/or to the unlawfulness of confinement, does not accrue unless the prisoner has obtained a "favorable termination" of the underlying conviction, parole, disciplinary action or condition of confinement. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Under the so-called "Favorable Termination Rule" of Heck:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, <u>or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid</u>, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. (emphasis added; footnote omitted).[7]

Absent a showing of a favorable termination, a prisoner's cause of action has not yet accrued. Id. at 489. A prisoner's civil action is barred (unless the conviction is invalidated) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). In other words, under Heck and its progeny, a civil claim that would necessarily imply the invalidity

---

[7]Although Heck involved a civil rights action brought under 42 U.S.C. § 1983, suits brought against federal officials, agents, or employees under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) are treated in the same manner. See Pandey v. Freedman, 1995 WL 568490, at *1 (1st Cir. 1995) (unpublished) (citing Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994).

7

of the government's deprivation, punishment or duration of confinement, may not be brought unless and until the condition is reversed. If success on a civil claim would either directly or indirectly result in speedier release, which properly lies at "the core of habeas corpus," a prisoner cannot prevail. See id. at 82 (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).[8]

Here, Burgess has been convicted in the District Court, but his conviction is pending a direct appeal. Thus, unless or until his conviction is reversed on direct appeal or through a later collateral attack, his claims with respect to the wrongful use of financial records cannot be raised at this time. See Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) (dismissal appropriate where allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption).

V.    Order to File Amended Complaint

In light of the above, and in accordance with this court's inherent authority to manage its cases, no summonses shall issue pending further Order. Additionally, within 42 days of the date of this Memorandum and Order, Burgess is directed to file an Amended Complaint that cures the Rule 8 pleading deficiencies. In other words, he shall set forth plausible claims as to each defendant separately, identifying the legal cause of action(s)

---

[8]More recently, the case of Wallace v. Kato, 549 U.S. 384 (2007) refined the application of the Favorable Termination Rule, impacting its application to pretrial detainees. Wallace concluded that if a pretrial plaintiff files a claim related to rulings that *will likely be made* in a pending or anticipated criminal trial, a district court may stay the civil action until the criminal case (or likelihood of criminal case) has finally concluded. Id. at 393-394; Crooker v. Burns, 544 F. Supp. 2d 59, 64-65 (D. Mass. 2008). By staying the action, the court avoids having to guess whether a ruling in the civil suit would impugn or imply the invalidity of a future conviction, which would require dismissal under Heck.

and setting forth the relevant underlying factual information (*i.e*, the who did what to whom, when, where, and why) sufficient to provide notice to each defendant of the basis for liability.

Further, with respect to any claim that relates to Burgess's criminal prosecution (such as the withholding of evidence that would demonstrate his innocence), Burgess shall set forth in the Amended Complaint those claims separately, also providing sufficient factual information as well as a legal basis for asserting that these claims are not barred by the Heck Favorable Termination Rule.

Failure to comply with the directives contained in this Memorandum and Order will result in a dismissal of this action.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Within 42 days of the date of this Memorandum and Order, plaintiff shall file an Amended Complaint setting forth his claims against each Defendant separately in accordance with Rule 8 of the Federal Rules of Civil Procedure; and

2. No summonses shall issue pending further Order of the court.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE