UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10334-RGS

ALBERT C. BURGESS, JR.

v.

EBAY, INC., ET AL.

FURTHER MEMORANDUM AND ORDER

April 8, 2011

STEARNS, D.J.

On February 28, 2011, plaintiff prisoner Albert C. Burgess, Jr. ("Burgess"), filed a civil action against a number of corporations and individuals asserting *inter alia*, claims of fraud, restraint of trade, RICO violations, and violations of the Sherman Antitrust Act. Burgess paid the filing fee, and therefore no preliminary screening of this action was conducted pursuant to 28 U.S.C. § 1915(e); however, invoking this court's inherent authority to manage cases, this action was preliminarily reviewed to determine whether it was frivolous as that term is used in legal parlance.

On March 8, 2011, a Memorandum and Order (Docket No. 3) issued directing Burgess to file an Amended Complaint setting forth his claims against each defendant separately in accordance of Rule 8 of the Federal Rules of Civil Procedure, and to set forth the underlying factual basis for each of his claims. In that Memorandum and Order, this court found that the Complaint failed to comport with the pleading requirements of Rule 8, and further noted that Burgess's claims, in whole or in part, appeared to be barred by the Favorable Termination Rule as set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and its progeny because success on his claims could invalidate his criminal conviction in North Carolina.

In response to the Memorandum and Order, on March 30, 2011, Burgess filed an Amended Complaint (Docket No. 5). In that pleading, Burgess essentially reiterates the claims in the original Complaint, asserting the violation by the defendants of various federal laws, including criminal laws. He contends that this action is not a covert attempt to challenge the validity of his criminal convictions in North Carolina, but is an attempt to penalize the defendants "for their criminal actions" and pursue civil remedies for monetary redress. Amended Compl. (Docket No. 5 at ¶ 8).

First, Burgess asserts claims that Ebay, Paypal, Mediacom and Morris Broadband willfully caused "pop ups" to appear on his computer, against his explicit wishes, causing him lost time and damage to his computer. While Burgess indicates this happened in the spring of 2008, he provides no other factual background to support his claim, such as specific dates of occurrence, the type of "pop up" appearing on his computer, the causal connection to his alleged damage to his computer, or any other information that would afford these defendants an opportunity to meaningfully respond to these allegations. Rather, Burgess baldly asserts that these actions violated the Sherman Antitrust Act, and RICO. He also baldly asserts that the corporations "banned together to break the law." Id. at ¶ 11. Again, he provides no underlying factual allegations whatsoever to support a conspiracy claim in this regard, but asserts that through discovery, he will amend his Amended Complaint to assert "formal RICO violations." Id.

Next, Burgess alleges that Ebay, Paypal, Wilhelm, Bank of York, Google, Howard, Redden and Dierauf violated 18 U.S.C. § 2701 by releasing Burgess's records concerning certain financial transactions and details of Internet transactions without the

2

benefit of a subpoena.[1]  While he contends that these allegations are not being challenged in his criminal case, it appears to this court that, notwithstanding Burgess's allegations to the contrary, these claims are all intimately connected with his criminal conviction.  As such, the court is not persuaded by Burgess that his claims are cognizable and not barred by Heck.

Similarly, Burgess's claims that Wells Fargo Bank d/b/a Wachovia Bank, and the Bank of York released financial records in 2008 without a search warrant have Heck implications.  In other words, the validity or invalidity of the prosecution's evidence (*i.e.*, the financial transactions and other records of the defendants) is being challenged by Burgess in a roundabout way.  One can imagine that a judgment rendered in favor of Burgess (to the effect that records were released illegally to the government), could later be used in a collateral challenge to vacate his criminal conviction based on due process violations.

Burgess then claims that certain defendants violated the Patriot Act by not obtaining search warrants for records, and then using the records in a criminal prosecution.  These claims are also problematic.  First, Burgess provides no underlying factual support for this allegation in accordance with Rule 8.  Second, as with each other claim, he lumps the defendants together with respect to this allegation rather than

---

[1]The court notes that defendant Howard is alleged by Burgess to be a Deputy United States Marshal.  It therefore appears that Burgess is asserting a claim against a federal employee, and thus this action is subject to preliminary screening pursuant to 28 U.S.C. § 1915A(a) notwithstanding that Burgess has paid the filing fee.  In light of this, to the extent that Burgess includes an objection to this court's Memorandum and Order (Docket No. 3) on the grounds that the court is selectively screening his action and that the case should be governed by Fed. R. Civ. P. 12 rather than Fed. R. Civ. P. 8, his contentions are misplaced.  This court is authorized to require the operative pleading in this case to comport with the pleading requirements of Rule 8, and to dismiss claims in whole or part.

complying with the court's directives to assert each claim separately against each defendant. Third, he fails to set forth any basis from which a private cause of action under the Patriot Act could be inferred. Finally, these claims also appear to be barred by Heck, as they relate to the propriety of disclosure of documents to the government for use in his criminal prosecution.

It appears that Burgess misunderstands the application of Heck, by asserting that his only remedy for these violations is a civil one, and that he is not asserting these claims in his criminal case. Nevertheless, as noted in the prior Memorandum and Order, claims are barred by Heck -- even claims for monetary damages – if success on them would necessarily imply the invalidity of the government's deprivation, punishment or duration of confinement.

Next, Burgess claims that defendants McCloud, Redden, Howard, and Wilhelm falsified court records. Again, he provides no underlying factual support for this allegation, nor any "what, where, when, why, and how" information necessary to give notice of the basis for liability of these defendants and an opportunity to respond meaningfully to these allegations. The only allegation in support is that Burgess is listed on the North Carolina Sex Offender Registry when the registration period had expired.[2] He provides no link, however, to this fact and the actions of the named defendants. Moreover, Burgess again lumps the claims against the defendants together without delineating the acts of each that allegedly provides a basis for civil liability or any basis for the allegations that the actions involved a joint effort.

---

[2]In any event, Burgess's remedy is not with this court; he must direct his claims regarding the sex offender registry with the state. Similarly, to the extent Burgess alleges wrongly issues subpoenas, that is a claim that only the issuing court can consider.

Without reiterating each and every remaining allegation in the Amended Complaint, suffice it to say that they are of this ilk; he asserts that the defendants (again, collectively) conspired against him to his detriment in connection with his criminal prosecution. In short, the Amended Complaint is replete with bald assertions of conspiracy by the defendants without any underlying factual support whatsoever.

The court notes that again, Burgess contends that defendants "Ebay, Paypal, Morris Broadband and Mediacom are "in possession of evidence that will prove the illegality of the criminal proceeding by these Defendants and have refused to produce such evidence when required to do so." Amended Compl. at ¶ 22. This assertion bolsters this court's opinion that Burgess's claims directly or indirectly relate to a challenge (either current or anticipated) to his criminal conviction, and is therefore barred under Heck. Further, it appears that Burgess may be instituting this lawsuit as a means to conduct discovery from these defendants to obtain evidence that they have refused to produce, which he believes will exonerate him. This action may not be used as a fishing expedition in this regard.

In sum, the court finds that Burgess's Amended Complaint (Docket No. 5) does not comport with the directives contained in the Memorandum and Order (Docket No. 3) directing him to set forth his claims in accordance with Rule 8. Burgess's claims are not set forth in a manner that provides sufficient notice to each of the defendants of the basis for liability or the underlying facts to support the claim for liability. His assertions of liability (such as his allegations of conspiracy) are purely legal conclusions insufficient to meet the pleading standards required to proceed in this court. Finally, Burgess has failed to set forth claims against defendants that are not barred by Heck, as directed in the Memorandum and Order.

## ORDER

At this juncture, this court finds that no additional opportunities for Burgess to further amend the Amended Complaint is warranted.  Accordingly, this action shall be <u>DISMISSED</u> in its entirety for the reasons stated in the Memorandum and Order (Docket No. 3) and this Further Memorandum and Order.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
 UNITED STATES DISTRICT JUDGE